UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| SULLIVAN'S ADMINISTRATIVE MANAGERS II, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GUARANTEE INSURANCE COMPANY, ULLICO CASUALTY COMPANY, and PATRIOT NATIONAL INSURANCE GROUP, INC., | ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| _____ | ) ) | Case No.   CV412-212 |
| GUARANTEE INSURANCE COMPANY, | ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| SULLIVAN'S ADMINISTRATIVE MANAGERS II, LLC, | ) ) ) | |
| Counter-Defendant. | ) | |

## ORDER

Plaintiff moves to compel defendants in this insurance over-billing case to respond to certain interrogatories. (Doc. 67.) The motion,

however, is untimely under the scheduling order, and plaintiff has not shown good cause for the delay in filing.

The scheduling order, as amended, set February 18, 2013 as the deadline for filing civil motions. (Doc. 42.) The motion to compel was not filed until March 26, 2013. (Doc. 67.) So the motion implicitly seeks to amend the scheduling order under Fed. R. Civ. P. 16(b). *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008) (applying Fed. R. Civ. P. 16(b)'s "good cause" scheduling order modification standard before applying Rule 15(a)'s amendment standard); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (same). Rule 16(b) requires that parties show good cause for modifying the scheduling order; to proceed directly to the merits of an untimely filed motion "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.

To show Rule 16(b) good cause, the movant must demonstrate that the scheduling deadline could not have been met despite his diligent efforts to do so. *Oravec*, 527 F.3d at 1232. Plaintiff has not even

attempted to meet this standard, and the Court suspects it could not. After all, the interrogatories were served on November 29, 2012 (doc. 67 at 2), and defendants responded on December 21, 2012. (*Id.*) Plaintiff noted the problems with defendants' responses first in an email sent on December 28, 2012 (doc. 67-3 at 1), and then in a follow-up letter dated January 9, 2013 (*id.* at 4), which threatened the filing of a motion to compel. Yet plaintiff waited over two months before filing the motion. (Doc. 67.) The Court thus **DENIES** plaintiff's implicit motion to amend the scheduling order. The motion to compel is **DENIED** as untimely.

**SO ORDERED** this 25Th day of April, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA