UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SULLIVAN'S ADMINISTRATIVE MANAGERS II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GUARANTEE INSURANCE COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>4:12-CV-00212-LGW-GRS |

**GUARANTEE'S REPLY TO PLAINTIFF'S RESPONSE TO NOTICE
OF MANDATE FROM THE FLORIDA COURT OF APPEAL AND
<u>RESPONSE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT</u>**

Defendant Guarantee Insurance Company filed its *Notice of Mandate from the Florida Court of Appeal* [Doc. 137] on December 30, 2015. Plaintiff filed its untimely and improper response [Doc. 138] on March 7, 2016, which does not respond to the mandate but instead rehashes flawed arguments previously made in Plaintiff's *Response to Defendant's Motion for Summary Judgment Based on Res Judicata and Collateral Estoppel* [Doc. 117]. Its request for oral argument is a similar guise.

None of Plaintiff's arguments defeat the preclusive effect of the Florida judgment or defeat Guarantee's motion for summary judgment, as set forth in Guarantee's *Memorandum of Law in Support of Motion for Summary Judgment Based on Res Judicata and Collateral Estoppel* [Doc. 111-1], *Reply Brief* [Doc. 124], and *Notice of Objections to Affidavit of Robert Jones* [Doc. 125]. To summarize:

- The evidence shows that Plaintiff Sullivan's Administrative Manager's II, LLC ("SAM II") and Sullivan Administrative Managers I, LLC ("SAM I") are the same. For example,

- SAM II's agent requested the policies on behalf of SAM II and instructed Guarantee to list SAM I as the principal named insured on the policies, and the Federal Employee Identification Number listed on the policies for SAM I is the FEIN for SAM II. A real entity that uses a fictitious name when entering into a contract is "the actual party to the contract."[1] Since SAM II chose to use the name SAM I when entering into the insurance policies, SAM I and SAM II are identical parties for res judicata purposes. *See Reply Brief* [Doc. 124], pp. 1-2).

- Martin Sullivan (who owns, manages, and controls each of the Sullivan entities and actively participated in both lawsuits) signed a series of documents related to the insurance policies on behalf of SAM I, including a May 6, 2010 collateral agreement, agreeing to pay premiums and to transfer $600,000 to Guarantee as collateral. Despite the fact that the collateral agreement was signed by Martin Sullivan on behalf of SAM I, SAM II has sued to recover that collateral in this lawsuit, identifying damages of "approximately $625,000.00 in plaintiff's collateral improperly held by [Guarantee]."[2] SAM II and SAM I are therefore the same or (at a minimum) in privity, and res judicata and collateral estoppel preclude SAM II from continuing this litigation. *See Reply Brief* [Doc. 124], pp. 2-4).

- The causes of action in this lawsuit and the Florida lawsuit are the same, as both concern the amount of premiums due under the workers' compensation policies issued to the Sullivan entities. Guarantee asserted breach of contract claims to recover the premiums owed in the Florida lawsuit and asserted the same claims via counterclaim in this lawsuit. Thus, the two lawsuits share an identity of the things sued for (money damages arising from premiums owed) and identical causes of action (breach of contract). *See Guarantee Ins. Co.'s Memo. of Law in Support of Motion for Summary Judgment Based on Res Judicata and Collateral Estoppel* [Doc. 111-1], p. 11.

- The Florida judgment [Doc. 111-17] did not specify whether it was based on the substantive failure of SAM I's defenses or its failure to exhaust administrative remedies. But even assuming that the Florida court relied on SAM I's failure to exhaust administrative remedies, the judgment still precludes litigation in this case concerning the premiums owed under the policies. The exhaustion issue has been litigated and determined in Florida, and the Florida judgment precludes SAM II from relitigating that issue here.[3] *See Reply Brief* [Doc. 124], pp. 4-8.

---

[1] *Premier Finishes, Inc. v. Maggirias*, 2013 WL 6050873, *3 (Fla. 2d DCA 2013).

[2] *See Plaintiff's Initial Disclosures* [Doc. 111-21], p. 6, see also p. 4 (referencing "improper retainment of Plaintiff's collateral"); *Complaint for Damage* [Doc. 1-1], ¶¶ 17, 20.

[3] SAM II falsely asserts that a Florida administrative agency stated that "SAM I could not contest the rates through the administrative process, both because litigation had already been initiated, and because the proper state to seek administrative relief was in Georgia." [Doc. 138, p. 3]. SAM II cites the *Affidavit of Robert Jones* [Doc. 116-1] in support of that statement, which <u>does not</u> reference any statement that SAM I could not pursue the administrative process or that Georgia was the proper state in which to seek administrative relief. Instead, the affidavit states that Robert Jones was told that the Florida Department of Financial Services' Division of Consumer Services (which has no involvement in the

Plaintiff has requested a hearing on the *Notice of Mandate from the Florida Court of Appeal* [Doc. 137]. *See Request for Oral Argument* [Doc. 139]. But that Notice is not a motion and is not the proper subject for an oral hearing. To the extent that Plaintiff is seeking oral argument on Guarantee's Motion for Summary Judgment, it has been fully briefed. Obviously, if the Court believes oral argument would be helpful, Defendant will be happy to appear and argue the Motion.

Respectfully submitted,

s/John V. Burch
John V. Burch, GA Bar No. 094900
BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
Tel. 770.391.9100; Fax. 770.668.0878
jvb@boviskyle.com

Mary Morris, FL Bar No. 55573
MORRIS & MORRIS, P.A.
777 South Flagler Drive
Suite 800 - West Tower
West Palm Beach, Florida 33401
Tel. 561.838.9811; Fax. 561.828.9351
momorris@morris-morris.com
(adm. *pro hac vice*)

**Attorneys for Defendant Guarantee Ins. Co.**

---

administrative review process) did not have jurisdiction. (Doc. 116-1, ¶ 6). Regardless, such hearsay evidence is inadmissible, irrelevant, and fails to show that SAM I exhausted its administrative remedies.

**Certificate of Service**

I certify that on March 10, 2016, the foregoing *Guarantee's Reply to Plaintiff's Response to Notice of Mandate from the Florida Court of Appeal and Response to Plaintiff's Request for Oral Argument* was electronically filed with the Clerk of Court by using the CM/ECF system, which will serve the notice on the following attorneys via transmission of Notices of Electronic Filing: Brent J. Savage, Brent J. Savage, Jr., and Wallace E. Harrell.

                                              s/John V. Burch
                                              John V. Burch, GA Bar No. 094900